THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CECILIO GUIBAS RIVERA, Defendant and Appellant.

No. CR-65-194.    Decided January 31, 1966.

*Benjamín Ortiz* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *J. F. Rodríguez Rivera, Assistant Solicitor General,* for The People.

JUDGMENT

San Juan, Puerto Rico, January 31, 1966

Appellant, Cecilio Guibas Rivera, was accused and convicted of a violation of § 5-801 of the Vehicle and Traffic Law (9 L.P.R.A. § 1041), consisting in driving a motor vehicle under the influence of intoxicating liquor. He was sentenced to ten days in jail, and his driving license was suspended for a term of one year.

On appeal, he points out that the trial court erred in not acquitting the accused, in view of the facts that it was impossible to make the test of comprobation and that the evidence was insufficient to establish that the appellant was in a state of intoxication. Both assignments lack merit.

■ The reason for not making the test of comprobation was that the blood sample was insufficient, which constitutes a reasonable justification for not going through with the test, *People* v. *Zalduondo Fontánez*, 89 P.R.R. 63 (1963). Therefore, the first error was not committed. Let us consider the assignment based on the insufficiency of the evidence.

■ The evidence was sufficient to justify the conviction in this case. The testimony of Adrián de Jesús Santiago establishes that the day of the events, in the early hours of the morning he was driving his car on Barbosa Avenue when the defendant-appellant "invaded my lane and ran into my car." When the accused was getting out of his car "he could not open the door, I opened it for him, and when he stepped out he almost fell to the ground, he smelled of liquor, I tried to speak to him, there was no way . . . ." The witness further revealed, that the defendant-appellant's eyes were reddish and he staggered when he walked, and that "he was not in condition to walk because he was in a state of intoxication." The officer Ismael Alvarado declared that while he was patrolling the area where the accident occurred, he received a call and went to the scene of the crime. He stated

that the defendant-appellant smelled strongly of liquor, "one could not understand very well what he was saying," and while he walked "he swayed from side to side at times." He assured that the defendant-appellant had admitted "that he had drank and had taken a few drinks." There was contradictory proof consisting of the testimony of the appellant himself and of a taxi driver who said that he witnessed the accident, and he was unable to remain for more than three minutes at the scene of the crime because he had a passenger in his vehicle. In our opinion, the trial judge was justified in not believing the testimony of these witnesses in relation to appellant's condition. *People* v. *Pérez Escobar*, 91 P.R.R. 9 (1964); *People* v. *Rivera Maldonado*, 90 P.R.R. 592 (1964); *People* v. *Santos Vázquez*, 89 P.R.R. 86 (1963).

■ There was no circumstantial evidence, as those set forth in *People* v. *Rodríguez*, 91 P.R.R. 513 (reconsideration of December 7, 1964), which justified the conclusion that the guilt of the appellant was not established. However, since the evidence related to the circumstances which gave rise to the accident justified the conclusion that the cause thereof was the lack of caution and prudence of both drivers in driving motor vehicles on a narrow detour of a highway under construction, and since it does not appear from the record that the appellant is a second offender, we should grant him the benefits of Act No. 6 of April 30, 1965, and by virtue thereof, the penalty imposed on appellant is reduced to $100 fine, in addition to the suspension of his driver's license for one year. *People* v. *Superior Court*, judgment of September 16, 1965; *People* v. *López Rivera*, 89 P.R.R. 774 (1964).

By virtue thereof, the sentence in this case rendered on May 4, 1964, in the terms stated above is modified, and as modified it is affirmed.

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice, who dissented in a sep-

arate opinion. Mr. Justice Belaval states that he is not in accordance with the modification of the judgment because he believes that the Court cannot set aside a law, in this case § 386 of the Political Code in force (2 L.P.R.A. § 253).

(s) LUIS NEGRÓN FERNÁNDEZ

*Chief Justice*

I attest:

(s) JOAQUÍN BERRÍOS
*Acting Secretary*

—O—

MR. CHIEF JUSTICE NEGRÓN FERNÁNDEZ, dissenting.

San Juan, Puerto Rico, January 31, 1966

I dissent as to the modification of the judgment because I consider that in accordance with the facts of this case, the aforesaid modification is not justified in substituting the sentence of ten days in jail to a fine of one hundred dollars ($100.00); and because I consider, also, that the intervention of this Court in amending the penalties imposed by trial judges in cases like the present one, creates a state of insecurity and uncertainty in the judges of the Superior Court as to the propriety and correction of the imposition by them of penalties which are not fines, or of penalties which are not the minimum fines, which I believe to be detrimental to judicial proceeding and to the well-settled rules of nonintervention with the discretion of the trial court in the imposition of penalties, except in very special cases; and furthermore, because it gives an erroneous impression of laxity on the part of this Court, in confronting the problem that is created by persons who drive on our highways in state of intoxication endangering our public safety.